UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

ATHENA CHARLES,

      Plaintiff,

v.

WAL-MART STORES EAST, LP

      Defendants.

_____/

## WAL-MART STORES EAST, L.P.'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 7th Judicial Circuit Court in and for Volusia County, Florida, Case No. 2019-31863-CICI, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1.    On or about April 24, 2020, Plaintiff filed her Amended Complaint against Wal-Mart Stores East, L.P., in the 7th Judicial Circuit Court in and for Volusia County, Florida. *See* Pl.'s Amended Compl., attached as Ex. "A."

2.    The Complaint was served on Wal-Mart on May 6, 2020. *See* Service of Process attached as Ex. "B."

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

3.     Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on May 22, 2017 while at the Wal-Mart store located at 1905 N Nova Rd., Daytona Beach, Florida 32117. *See* Ex. "A" at ¶¶ 5, 8, 13.

4.     Specifically, the Plaintiff alleges she slipped and fell on a liquid transient substance located on the floor. *Id.* at ¶ 8.

5.     Further, Plaintiff alleges Wal-Mart breached its duty to provide her with a reasonably safe environment by failing to maintain its premises in a reasonably safe manner. *Id* at ¶¶ 9-10

6.     The Plaintiff is a resident of Volusia County, Florida. *Id.* at ¶ 2.

7.     On or about July 31, 2018, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which included medical bills that total $47,127.15. *See* Redacted Pre-Suit Demand Letter attached as Ex. "C."[1]

8.     Based on Plaintiff's alleged injuries, medical bills, and future medical expenses to be incurred, the Plaintiff ***offered to settle the claim for $450,000.00***. *See* Ex. "C."

9.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

10.    Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 7th Judicial Circuit in and for

---

[1] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Wal-Mart can provide same to the Court upon instructions by the Court.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Volusia County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "D."

11.    Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

12.    In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Amended Complaint. Plaintiff's Amended Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on May 6, 2020, when Plaintiff served her Amended Complaint. *See* Ex. "B."

13.    Prior to the service of Plaintiff's Amended Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her May 22, 2017 alleged incident.

14.    Venue exists in the United States District Court for the Middle District of Florida, Orlando Division, because the 7th Judicial District in and for Volusia County, where Plaintiff filed her state court Amended Complaint is located in Volusia County Florida, which is located within the United States District Court for the Middle District of Florida, Volusia Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

15.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of ATHENA CHARLES

16.     Plaintiff is a resident of Volusia County, Florida. *See* Ex. "A" at ¶ 2. Although Plaintiff's Amended Complaint does not state the Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

17.     Here, Plaintiff's Amended Complaint indicates she is a resident of Volusia County, Florida. *See* Ex. "A" at ¶ 2.  Plaintiff's Volusia County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of WAL-MART STORES EAST, L.P.

18.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "E." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing

the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

## IV. AMOUNT IN CONTROVERSY

19.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

20.   Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

21.   "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

22.   In the present case, the relevant portions of Plaintiff's $450,000.00 pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Notably, Plaintiff's medical bills totaled $47,127.15 as of July 31, 2018 (*excluding the medical bill from Florida Hospital Memorial Medical*).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

23.   Admittedly, Plaintiff demands $450,000.00 to settle her claims which are inclusive of past medical expenses; future medical expenses and care; and pain and suffering. *See* Ex. "C."

24.   Additionally, Plaintiff alleges damages for mental anguish, and loss of capacity for the enjoyment of life. *See* Ex. "A" at ¶ 13.

25.   These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous decisions from the Southern District of Florida support this conclusion.

26.   For example, in *Katz v. J.C. Penney Corp.*, *supra*, the court concluded that the removing defendant properly established the amount in controversy by addressing through affidavit information received from Plaintiff's pre-suit demand package. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter, it was based on medical records provided by the plaintiff. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

27.   In *AAA Abachman Enterprises, Inc. v. Stanley Steemer, Int'l, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), the court relied on plaintiff's demand letter seeking more than $75,000.00 in damages to establish federal jurisdiction. *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012) (denying defendant's motion for remand citing plaintiff's actual damages of approximately

$39,000.00 and concluding that future treatment would likely exceed the amount needed to reached the jurisdictional minimum.); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (this Court denied plaintiff's motion to remand citing plaintiff's demand letter claiming $22,563.00 in medical bills and the Court's projections on likely future damages where a doctor estimated that plaintiff "'could' incur costs of $2,500 to $5,000 per year" for future care).

28.  In *Lazo v. US Airways, Inc.*, 2008 WL 3926430 (S.D. Fla. Aug. 26, 2008), the court denied the plaintiff's motion to remand citing to an affidavit filed by defense counsel where he recounted a conversation in which Plaintiff's counsel stated his client was seeking to recover "at least $1,000,000." The Court found this representation "constitute[d] legally certain evidence that plaintiff seeks damages in excess of $75,000.00." *Id*.

29.  In the instance case, although the totality of Plaintiff's future medical expenses are not specifically set forth in her pre-suit demand letter, Plaintiff's future damages in the instant matter certainly exceed the $75,000.00 jurisdictional limit given that Plaintiff's demand letter, together with her accompanying medical records and bills, demands $450,000.00. *See* Ex. "C."

30.  In addition to past future medical expenses, Plaintiff's Amended Complaint claims damages for pain and suffering, loss of capacity for the enjoyment of life, and aggravation of prior injuries. *See La Rocca,* 676 F. Supp. 2d at 1349 (S.D. Fla. 2009); *Scott,* 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012). Furthermore,

Plaintiff also alleges her losses are permanent or continuing and she will suffer further loss into the future. *See* Pl.'s Compl. at ¶ 11.

31.   Like *Katz*, here, even though the current actual medical expenses are below the jurisdictional amount, Plaintiff's future damages will certainly make up the difference since Plaintiff will require ongoing treatment due to the alleged permanent nature of her injuries.

32.   Based upon the pertinent case law above, Wal-Mart has conclusively established by a preponderance of the evidence the amount in controversy is satisfied based upon (1) Plaintiff's $450,000.00 pre-suit demand letter and accompanying medical records and bills, as well as (2) Plaintiff's claim for damages for pain and suffering, loss of capacity for the enjoyment of life and aggravation of prior injuries. *See La Rocca,* 676 F. Supp. 2d at 1349 (S.D. Fla. 2009); *Scott,* 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012); *Katz,* 2009 WL 1532129, *4 (S.D.Fla. June 1, 2009).

33.   The representations made in Plaintiff's Amended Complaint, medical records/bills and pre-suit demand letter together sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

34.   For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 7th Judicial Circuit in and for Volusia County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2019-31863-CICI,, on the docket of the Court for the 7th Judicial Circuit in and for Volusia County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**Dated: May 27, 2020**

Respectfully submitted,

*/s/ Patricia Concepcion*

Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Patricia Concepcion*

Patricia Concepcion, Esq.

## SERVICE LIST

*Counsel for Plaintiff*

Rubenstein Law PA
9130 S. Dadeland Blvd, PH Suite
Miami, Florida 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: zleacox@rubensteinlaw.com
        bdeanda@rubensteinlaw.com
        eservice@rubensteinlaw.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690